MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | |
|---|---|
| SOPHIA VASSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. Case No: 2022-CC00303 |
| vs. | ) |
| | ) Division No. 6 |
| WASHINGTON UNIVERSITY | ) |
| IN ST. LOUIS, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**PROOF OF SERVICE**

Comes now Plaintiff and advises this Court that Lisa Wood, Associate Vice-Chancellor and Deputy General Counsel (wood_esq@wustl.edu) for Defendant agreed to accept service of the Alias Summons issued in this matter on September 12, 2023.

Respectfully submitted,

**GHIO LAW FIRM LLC**

*Matthew J. Ghio*

By: _____
Matthew J. Ghio          #44799
In the Historic Dickmann Building
3115 S. Grand, Suite 100
St. Louis, Missouri 63118
(314) 707-5853
(314) 732-1404 (fax)
matt@ghioemploymentlaw.com


Exhibit B

1



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number: 2022-CC00303 | |
|---|---|---|
| Plaintiff/Petitioner:<br>SOPHIA VASSER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW JOHN GHIO<br>GHIO LAW FIRM LLC<br>3115 S GRAND, SUITE 100<br>ST LOUIS, MO 63118 | |
| Defendant/Respondent:<br>WASHINGTON UNIVERSITY IN ST. LOUIS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

## ALIAS Summons in Civil Case

**The State of Missouri to:** WASHINGTON UNIVERSITY IN ST. LOUIS
**Alias:**
MONICA J ALLEN, VICE CHANCELLOR
GENERAL COUNSEL
WASHINGTON UNIVERSITY IN STL
CAMPUS BOX 1058,
ONE BROOKINGS DRIVE
SAINT LOUIS, MO 63130

**SPECIAL PROCESS SERVER**



*COURT SEAL OF CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**September 8, 2023**                        _____
Date                                                      Circuit Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
*(Seal)*
My commission expires: _____     _____
                                     Date                                          Notary Public

**Sheriff's Fees, if applicable**
Summons                                          $_____
Non Est                                              $_____
Sheriff's Deputy Salary
Supplemental Surcharge              $____10.00_____
Mileage                                              $_____ (_____ miles @ $._____ per mile)
**Total**                                              $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - CITY OF ST. LOUIS - August 15, 2023 - 07:50 PM

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | |
|---|---|
| SOPHIA VASSER, | ) |
| Plaintiff, | ) |
| | ) Case No. Case No: 2022-CC00303 |
| vs. | ) |
| | ) Division No. 1 |
| WASHINGTON UNIVERSITY IN ST. LOUIS, | ) |
| Defendant. | ) |

## FIRST AMENDED PETITION

COMES NOW Plaintiff, by and through counsel, and for her First Amended Petition, states as follows:

1. Plaintiff Sophia Vasser is an African-American citizen of the United States who lives in St. Louis, Missouri.

2. Defendant Washington University in St. Louis is a Missouri domestic corporation, registered in Missouri and doing business in St. Louis City as Washington University in St. Louis.

3. Plaintiff was first employed by Defendant Washington University's School of Medicine in 1999 as a medical secretary and in billing, and worked for Defendant until August, 2016.

4. Material events and transactions underlying Plaintiff's claims occurred within the City of St. Louis, State of Missouri.

5. This Court maintains venue and jurisdiction over Plaintiffs claims brought herein pursuant to R.S. Mo. Sec. 213.111, and MO Const art V § 14.

## COUNT I — RACE DISCRIMINATION
## IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

6. Plaintiff incorporates and re-alleges all allegations contained within paragraphs 1 through 5 above as if fully set forth herein.

7. Defendant is an "employer" within the meaning of R.S.Mo. Sec. 213.010.

8. Plaintiff filed a timely charge with the Missouri Commission on Human Rights ("MCHR"), alleging race discrimination and retaliation.

9. On November 12, 2019, the MCHR issued Plaintiff a Notice of Right to Sue and Plaintiff thereafter filed this suit in a timely manner on February 10, 2020.

10. Plaintiff reapplied for a position with Defendant in the summer of 2017.

11. Plaintiff was hired as a scheduler on July 17, 2017.

12. During 2017, Jennifer Grelle, a white female co-worker of mine, called a patient a "bitch" on a scheduling call. Grelle was not disciplined or written up by our supervisor, Lorinda Gaines. Grelle was then allowed to transfer to another department.

13. On July 17, 2018, Plaintiff received her first performance review which was a good one.

14. Around November 16, 2018, Plaintiff took a scheduling call for a patient who needed help with a cast.

15. On November 19, 2018, Plaintiff was called into a meeting with Gaines and Kathy Bradley. They accused Plaintiff of calling the patient a "bitch" on a recorded call.

Plaintiff did not call the patient that name. Plaintiff listened to the recording and did not hear herself use that word.

16. Gaines and Bradley said Plaintiff did use that word, and they fired her on the spot.

17. Plaintiff complained internally to Defendant that she did not use that word and about how she was being discriminated against by being treated differently than Jennifer Grelle even if it were true that she said the word.

18. Defendant discriminated against Plaintiff because of her race when it treated her differently than a white co-worker by terminating her employment and Plaintiff's race was a motivating factor in the decision to discharge her.

19. Defendant's conduct, as aforesaid, constitutes an unlawful employment practice under R.S.Mo. Sec. 213.055(1).

20. As a direct result of Defendant's unlawful employment practices, Plaintiff has been damaged in the form of diminished employment status, out-of-pocket costs and expenses, emotional distress and humiliation.

21. Defendants' actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

22. Plaintiff demands a trial by jury on this Count I of her Petition.

WHEREFORE, on Count 1 of this Petition, Plaintiff prays this Court to enter its order, judgment and decree awarding her:

a) a sum of money making Plaintiff whole for the harm caused, including compensatory damages and damages for emotional distress and humiliation;

b) reinstatement to her former position with Defendant or front pay in the alternative;

c) punitive damages to punish and deter Defendants and others from like conduct;

d) costs of litigation and a reasonable sum as and for attorney's fees;

e) pre-judgment interest; and

f) such other and further relief as this Court deems just and proper.

## COUNT II: RETALIATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

23. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 17 above as if fully set forth herein.

24. Plaintiff's complaint of discrimination after her discharge that she was being discriminated against because of her race was a motivating factor in why her internal appeal failed to result in her reinstatement to her position.

25. Such actions constitute unlawful employment practices under R.S.Mo. § 213.055(1) and R.S.Mo. § 213.070(2) because of Plaintiff's opposition to a practice she reasonably believed to be unlawful.

26. As a direct result of Defendants' unlawful employment practices, Plaintiff has been damaged in the form of lost wages and benefits, diminished employment status, out-of-pocket costs and expenses, emotional distress, anxiety and humiliation.

27. Defendants' actions were outrageous because of Defendants' evil motive or

Electronically Filed - CITY OF ST. LOUIS - August 15, 2023 - 07:50 PM

reckless indifference to the rights of others, and therefore entitle Plaintiff to an award of punitive damages.

28. Plaintiff demands a trial by jury on this Count II of her Petition.

WHEREFORE, on Count II of her Petition, Plaintiff prays this Court enter its order, judgment and decree awarding her:

a) a sum of money making Plaintiff whole for the harm caused, including compensatory damages and damages for emotional distress and humiliation;

b) reinstatement to her former position with Defendant or front pay in the alternative;

c) punitive damages to punish and deter Defendants and others from like conduct;

d) costs of litigation and a reasonable sum as and for attorney's fees;

e) pre-judgment interest; and

f) such other and further relief as this Court deems just and proper.

### COUNT III: SECTION 1981 - DISCRIMINATION AND RETALIATION ON THE BASIS OF RACE

29. This claim arises under 42 U.S.C. § 1981 ("Section 1981"). Jurisdiction of this Court is invoked pursuant to [MO Const art V § 14](#).

30. Ms. Vasser realleges the foregoing paragraphs as though fully set forth herein.

31. Ms. Vasser is a member of a protected class on the basis of race. She is an African-American woman.

32. Ms. Vasser, in all respects, was performing her job in a manner that was

5

consistent with Washington University's legitimate business expectations.

33.   Washington University discriminated against Ms. Vasser as described above, including but not limited to, firing her.

34.   Washington University also retaliated against Ms. Vasser as described above, including but not limited to firing her because of her complaint of race discrimination.

35.   Washington University's actions were taken with a willful and wanton disregard of Ms. Vasser's rights under Section 1981.

36.   As a direct and proximate result of said unlawful employment practices and in disregard of Ms. Vasser's rights and sensibilities, Ms. Vasser has suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages.

WHEREFORE, on Count III of her Petition, Plaintiff prays this Court enter its order, judgment and decree awarding her:

A. Enter judgment in favor of Ms. Vasser and against the Defendant for violation of Ms. Vasser's Rights under Section 1981;

B. Declare that the actions of the Defendant constituted unlawful discrimination;

C. Award Ms. Vasser compensatory damages, including, but not limited to, lost wages and benefits, in such amount as will reasonably compensate her for her losses, and damages for emotional distress;

D. Award Ms. Vasser punitive damages in such amount as the Court deems proper;

E. Award Ms. Vasser her costs, attorneys' fees, and non-taxable expenses in this

action; and

      F. Grant Ms. Vasser such other and further relief as the Court deems equitable and just.

      Respectfully submitted,

**GHIO LAW FIRM LLC**

By: _____
Matthew J. Ghio      #44799
In the Historic Dickmann Building
3115 S. Grand, Suite 100
St. Louis, Missouri 63118
(314) 707-5853
(314) 732-1404 (fax)
matt@ghioemploymentlaw.com

Electronically Filed - CITY OF ST. LOUIS - August 15, 2023 - 07:50 PM